UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Eldred Kremer, | Case No. 19-cv-2277 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Fikes, F.C.I. Sandstone, | |
| Respondent. | |

In 2011, petitioner Gary E. Kremer pleaded guilty in the United States District Court for the Southern District of Iowa to one count of conspiracy to distribute a mixture or substance containing methamphetamine (Count 1), and one count of possessing a sawed-off shotgun in furtherance of Count 1 (Count 4). *See United States v. Kremer*, 1:11-cr-0009 (JAJ/CFB) (S. D. Iowa). Count 1 carried a mandatory minimum sentence of ten years with a maximum of life, a fine of up to $10 million, and a term of supervised release of at least five years. *See id.* (Dkt. 63 at 2). Count 4 carried a mandatory consecutive sentence of ten years' imprisonment, a fine of up to $250,000, and a term of supervised release of no more than three years. *Id.* The sentencing court imposed 120 months imprisonment on each count, to run consecutively; to be followed by five years of supervised release for each count, to be served concurrently. *See id.* (Dkt. 100). Kremer did not appeal his sentence.

Kremer is currently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota, serving the 240-month term of imprisonment imposed in the

Southern District of Iowa.  Upon his release from prison, Kremer will become subject to the term of supervised release imposed at the time of sentencing.  As part of that supervised release, Kremer will be subject to several conditions, including that he not commit another federal, state, or local crime during the period of supervision; that he submit to periodic drug tests; that he regularly report to his probation officer; that he submit to searches conducted by that probation officer; and others.  *See* 18 U.S.C. § 3583(d).  Should Kremer be found to have violated the conditions of his supervised release, he may be required "to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . ."  18 U.S.C. § 3583(e)(3).

Historically, proceedings on the question of whether a term of supervised release should be revoked have differed in two critical respects from the proceedings by which the defendant came to be convicted.  First, a jury is not required to act as factfinder in determining whether the defendant violated the conditions of his supervised release; this factfinding role may be undertaken by a judge.  Second, the judge need not find beyond a reasonable doubt that the conditions of supervised release at issue were violated; the lesser preponderance-of-the-evidence standard suffices.  *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

Usually, the sentencing judge is given a relatively free hand in imposing a term of imprisonment upon revocation of supervised release, cabined only by the maximum terms of imprisonment permitted by § 3583(e)(3), the length of the term of supervised release (which itself usually acts as a maximum permissible sentence upon revocation), and the factors set forth in 18 U.S.C. § 3553(a). Under § 3583(k), however, if a defendant who is required to register under the Sex Offender Registration and Notification Act ("SORNA") commits any of several enumerated offenses while on supervised release, the supervised release *must* be revoked and a term of imprisonment of at least five years, and as much as life, *must* be imposed. Like the other supervised release provisions, however, § 3583(k) requires on its face only that the defendant be found to have committed the enumerated offense that violates the conditions of his supervised release by a preponderance of the evidence, and a jury is not required to make that finding.

In June 2019, a fractured Supreme Court concluded in *United States v. Haymond* that § 3583(k) infringes upon the Fifth and Sixth Amendment rights of the accused. 139 S. Ct. 2369 (2019). Writing what would become the holding of *Haymond*, Justice Breyer identified three aspects of § 3583(k) that, "considered in combination," made that provision "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (J. Breyer, concurring).

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion

3

> to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'

*Id*. In light of these three factors, Justice Breyer concluded that § 3583(k) violated the constitutional rights of criminal defendants. *Id*. Only upon a finding of a jury, beyond a reasonable doubt, that the defendant had committed one of the enumerated offenses could the term of imprisonment mandated by § 3583(k) be imposed.

Four other justices agreed with Justice Breyer that § 3583(k) failed to pass constitutional muster but would have gone further in at least one respect. According to the four justices, "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id*. at 2380 (emphasis removed). This finding encompassed the conclusion of Justice Breyer that § 3583(k) was unconstitutional as being applied in cases such as that before it. But the finding also — had it been the holding of the Supreme Court in *Haymond*—would presumably have extended to any other provisions that, similar to § 3583(k), imposed a mandatory minimum term of imprisonment upon revocation of supervised release without affording the defendant the right to a hearing before a jury to determine, beyond a reasonable doubt, whether the condition of supervised release at issue had been violated.[1]

---

[1] The four justices also flagged another potential constitutional question (while declining to reach the issue and minimizing its practical consequences): whether sentences imposed under § 3583 might be invalid if the term of imprisonment imposed upon revocation of supervised release extended the total terms of imprisonment incurred

Which leads back to Kremer, who has filed a petition for a writ of habeas corpus in this District challenging pursuant to *Haymond* the term of supervised release imposed in his criminal case.[2] *See* 28 U.S.C. § 2241. In his habeas petition, Kremer stakes out a position on *Haymond* in advance of the four justices who would have gone beyond striking down only § 3583(k) and applied a more categorical rule. According to Kremer, *any* future revocation of his supervised release will, pursuant to *Haymond*, amount to a violation of his constitutional rights. (*See* Dkt. 1 at 3-4.) Kremer is right to say that Justice Breyer's opinion is controlling, but his interpretation of the implications of that opinion is incorrect. *See United States v. Bailey*, 571 F.3d 791, 798 (8th Cir. 2009) ("When a majority of the Supreme Court agrees only on the outcome of a case and not on the grounds for that outcome, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Justice Breyer's opinion is limited to the constitutionality of § 3583(k) itself, concluding that the provision is invalid because it fails the three factors "considered in combination" identified above. *Haymond*, 139 S. Ct. at 2386 (J. Breyer, concurring). Kremer surmises that because Breyer talks about traditional parole versus supervised

---

by the defendant beyond the maximum sentence authorized by statute upon the jury's finding of guilt. *Id*. at 2382 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[2]   That petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Kremer's habeas corpus petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

release, he means to say that any sentence under § 3583(e)(3) would be improper.  (Dkt. 1 at 2-3.)  This is conclusion, however, is precisely contrary to what Breyer wrote.  Breyer wrote that *only* Section 3583(k) is unconstitutional because of the unique way that the section focuses on the particular conduct of a violation, rather than simply focusing on any violation as a "breach of trust."  *Haymond,* 139 S. Ct. at 2386. "Consistent with that view," he wrote "consequences for violation of conditions of supervised release under § 3583(e), which governs most revocations, are limited by the severity of the original crime of conviction, not the *conduct* that results in revocation."  *Id.* (emphasis added).  There is no reason to believe that Kremer will ever be subject to § 3583(k).  Under Breyer's rationale, if Kremer faces revocation under § 3583(e), he will not suffer an automatic violation of his constitutional rights.  The holding of *Haymond* is irrelevant to Kremer.

Additionally, Kremer does not have standing to pursue a potential issue with a supervised release revocation, because he is still serving his original criminal sentence.  Any contention about potential future supervised release proceedings is speculative.  The "irreducible constitutional minimum of standing" includes the requirement that the injury complained of by the litigant "be likely, as opposed to merely speculative."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Kremer's assertion that, per *Haymond*, his constitutional rights will be violated should his supervised release be revoked amounts to nothing more than conjecture: Kremer may never violate the conditions of his supervised release; if he does, his term of supervised release may not be revoked; if it is revoked, the resulting sentence may be imposed in a manner consistent

6

with *Haymond*. Speculative harms of the kind raised by Kremer are not, consistent with Article III of the Constitution, sufficient to confer standing upon a litigant. *Id.* Without standing under *Haymond*, Kremer's habeas corpus petition must be dismissed without prejudice for lack of jurisdiction.

The same conclusion can also be reached from a different angle of approach. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). In one sense, Kremer is indeed in custody: he is incarcerated in federal prison for conspiring to distribute methamphetamine and possession of a firearm. But the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91. Kremer does not attack the sentence for which he is in custody because he does not say anything about the underlying crimes or conviction. Rather, Kremer is attempting to challenge the potential revocation of his supervised release—that is, he is mounting a challenge to a hypothetical future term of imprisonment that may never be imposed and for which he is not in custody today. "If a petitioner was not 'in' the relevant 'custody' at the time of filing, then his petition must be dismissed for lack of jurisdiction." *Munt v. Miles*, 2018 WL 2271028, at *2 (D. Minn. May 17, 2018) (citing *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam)).

A federal prisoner cannot, through a petition for a writ of habeas corpus, anticipatorily test the validity of proceedings that have not occurred—proceedings that may or may not lead to a term of imprisonment for which the prisoner is not, and may never be, in custody. This Court therefore lacks jurisdiction over Kremer's habeas petition. The petition should be dismissed without prejudice.

Only one matter merits further comment: Kremer has applied to proceed *in forma pauperis* in this action. (*See* Dkt. 2.) Should the recommendation for dismissal be adopted, the *in forma pauperis* application may be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Gary E. Kremer (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. Kremer's application to proceed *in forma pauperis* (Dkt. 2) be **DENIED**.

Dated: September 11, 2019      *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).